## GILES *vs.* MORRISON,

In an action to recover damages arising from the failure of the defendant to deliver to the plaintiff, according to contract, stoves, &c. to be sold by the latter, and accounted for at a stated price, the defendant may prove the items and amount of the expenses which the plaintiff would have been compelled to incur in introducing the stoves, &c. into the market, for the purpose of reducing the amount of damages, by showing that, after deducting such expenses, no profits would have been realized by the plaintiff,

Giles *v.* Morrison.

Where, by the terms of a contract between the owner of property and another, the latter is not a purchaser of the property, but is to sell it, and account to the owner for the avails of the sales, at a certain rate, the rule of damages, as between vendor and vendee, does not apply.

APPEAL from an order denying a motion for a new trial, and from the judgment entered upon a verdict, at the Rensselaer circuit.

The action was brought to recover damages for a breach of a contract, by which the defendant agreed to furnish the plaintiff stoves, heaters and castings, to be manufactured by him, which the plaintiff agreed to sell in the cities of New York and Brooklyn and their vicinities, and in certain states or places where said stoves were not then sold. The plaintiff was to account to the defendant for the stoves, &c. at a certain sum per pound. The plaintiff proved that the defendant refused to deliver the stoves, and what the difference between the sum for which he was to account and the market value was. Several defenses were interposed, not material to be stated at length. The defendant proved, upon the trial, that if the stoves had been delivered to the plaintiff there would have been large expenses necessarily incurred by him in introducing them to new markets. That it would have been necessary to travel and introduce them from place to place, as they could not be sold in some places, other persons having the right; and that there would be the expense of transportation, and sometimes advertising, as an incident. The defendant offered to prove the amount of these expenses, which was objected to by the plaintiff. The objection was sustained, and the defendant excepted. The defendant also offered to prove that, had the stoves been furnished to the plaintiff, he would have been compelled to incur large expenses in their introduction to market and sale, and that such expenses would have entirely deprived the plaintiff of all profit upon the sale; and offered to prove the items and amount of such expenses, to which the plaintiff objected. The court ruled and decided, that the defendant might

prove, generally, that there were expenses incident to the business, which would reduce the profits of sale, but excluded evidence of items of the amount of such expenses ; to which the defendant also excepted.

The jury rendered a verdict in favor of the plaintiff for $550. A motion was made for a new trial, which was denied. Judgment was entered, after a case and exceptions had been served and settled, and from the judgment and an order denying a motion for a new trial, the defendant appealed to the general term.

*W. A. Beach,* for the appellant.

*J. A. Millard,* for the respondent.

MILLER, J. I think the judge erred, upon the trial, in rejecting the offer, made by the defendant's counsel, to prove the items of the amount of expenses which the plaintiff would have been compelled to incur in the introduction of the stoves into market, and in making sales of the same.

The plaintiff claimed to recover damages in consequence of the failure of the defendant to deliver the stoves and heaters according to contract, and proved, upon the trial, the difference between the price at which they were furnished and the market value, with a view of fixing the amount of damages. The offer of the defendant was intended to reduce the amount of damages, by proving that from the profits which would be realized, according to the proof introduced, there must necessarily be a deduction of the expenses which it would be absolutely essential to incur in making a sale of the property.

The effect of the evidence would be to establish a considerable deduction from the amount claimed, and the scope of the offer was, that, after allowing these expenses, no profits would be realized for which the plaintiff was entitled to recover damages.

It is quite evident that the plaintiff was only entitled to recover for the actual loss sustained by him by reason of the failure of the defendant to fulfill the contract. That loss would be the amount which he would actually be able to realize upon a sale of the property, after deducting all proper charges and expenses. If he received the property at a stated price, for which he was liable to account to the defendant, he would only reap the profits which he could make beyond that price. He certainly ought not to recover more than that amount in this action. What would that amount be ? Not the difference in value, for that would dispose of the stoves and heaters without any expense whatever, and exceed the actual loss sustained. The amount would only be the difference after deducting from the sum received such necessary expenses as would accrue in the sale and disposition of the property. If sold at an advance upon the sum paid, clearly from that advance all expenses incident to the sale should be taken out. If the plaintiff could recover the difference between the price to be paid and the actual market value, then he would receive more than his entire loss, which would establish a principle that is not sustained by any rule of law.

It is said that it would be difficult to prove what these expenses would amount to. I think that some of the items of expenditure, which it might be necessary to incur, could be established by evidence. The cost of transportation to any of the places embraced in the contract, and within the limits of which the property was to be sold, traveling expenses incurred in the disposition of it, and the storage or hiring of a place or places for its sale, might be established by testimony, and come within the scope of the offer. If the defendant failed in establishing any of these items satisfactorily, of course they would not be allowed ; but if it appeared that such expenses were of the character stated in the offer, to deprive the plaintiff of all profit upon the sale, then they should have been deducted.

The court admitted general evidence that there were ex-

Giles *v.* Morrison.

penses incident to the business, which would reduce the profits, thus ruling in favor of the principle that some deduction should be made on that account. If this was competent, I see no good reason why the evidence of the items of expenses, and the amount, was not equally proper. The general evidence left it uncertain and indefinite, while specific proof would demonstrate what actual deduction should be made. If the evidence of expenses was admissible at all, it could only be made available by showing what, in fact, these expenses were.

It should not be overlooked that the contract did not contemplate an absolute sale of the property. The plaintiff was not a purchaser. He was to sell the property, and to account to the defendant for the avails of the sales, at a certain rate. The rule, therefore, as between vendor and vendee, would not be applicable. If the market value proved, meant at the place of delivery, it would appear as if the plaintiff had mistaken the true theory of his case. If, however, it was intended for the place where the property was to be sold, under the contract, then it was proper to prove the items of expenses which would be incurred in its transportation and sale.

It is quite manifest that the evidence offered, if received, would have reduced the amount of the plaintiff's profits, if it did not entirely destroy them, and the court erred in excluding it.

As there was error in this ruling of the court, it is not important to discuss and examine the other questions made upon the argument.

The judgment must be reversed, and a new trial granted, with costs to abide the event.

PECKHAM, J. concurred.

HOGEBOOM, J. expressed no opinion.

New trial granted.

[ALBANY GENERAL TERM, March 4, 1867. *Peckham, Miller* and *Hogeboom,* Justices.]